### Ann Wilbur *vs.* John Hickey.

The *St.* of 1855, *c.* 238, exempting a homestead from levy on execution, and from conveyance by the owner, unless his wife joined in the deed, did not prevent the estate from being sold by license of the probate court upon the husband's becoming a spendthrift.

Writ of entry by the wife of Darling Wilbur to recover a house and farm in Adams, less than $800 in value, for ten years owned and occupied by him and his wife and family of children as a homestead. Said Darling was adjudged by the probate court to be a spendthrift, and a guardian was duly appointed for him, who, pursuant to a license from that court, sold and conveyed the premises to the tenant, for Darling's support and maintenance, and for the payment of his debts, nearly all of which were contracted since the passage of *St.* 1855, *c.* 238. The tenant, upon receiving this conveyance, entered upon the premises, ousted the demandant, and has since remained in possession. The demandant did not join in said conveyance to the tenant, and has never released or abandoned her right in the premises. The parties submitted the case to the decision of the court upon the above facts.

*A. J. Waterman*, for the demandant. By *St.* 1855, *c.* 238, 'in addition to the property now exempt by law from sale or

levy on execution, there shall be exempted, to the value of eight hundred dollars, the homestead farm, or the lot and buildings thereon, occupied as a residence and owned by the debtor." § 1. " Such exemption shall continue after the death of such house-holder, for the benefit of the widow and children of the deceased party, some one of them continuing to occupy such homestead, until the youngest child be twenty one years of age, and until the death of the widow." § 2. " No conveyance by the hus-band, of any property exempted as aforesaid, shall be valid in law unless the wife join in the deed of conveyance." § 5. See also *Richards* v. *Chace*, 2 Gray, 384. The guardian of the hus-band stands in his place, and has no more power over the in-terest of the wife than he had.

*H. L. Dawes*, for the tenant, was stopped by the court.

METCALF, J. By *St.* 1855, *c.* 238, § 1, a homestead of the value of $800 is exempted from levy on execution. This is not an exemption from sale by the guardian of the owner, for pay-ment of his debts and for his support and maintenance, upon a license of the court of probate; and we cannot extend the ex-emption beyond the terms of the statute.

*Judgment for the tenant.*